Let me just say something. We've spent a lot of time on all these cases, and this one we've spent a great deal of time on because of the complexity. But I think we have the facts and the arguments well in hand. So unless there's something critical you want to address, it would probably be just as well to submit them. The principle question was standing to pace your controversy. Sure. I do have a few remarks I would like to make and would keep them as brief as possible, at least for my opening. I would like to keep it to five minutes, reserving five if necessary, and perhaps it won't be necessary. Well, keep it short. I will keep it as short as I can, Your Honor. The lynchpin of the trial court's ruling was its interpretation of paragraph I of the settlement agreement. We believe that interpretation was error. You will notice in the supplemental authority we provided earlier this week, there was a subsequent lawsuit brought against Ravesim to obtain the assignment that the judge in the cadence action said that we needed to get. Judge Papek in the Morris v. Ravesim action was required to evaluate the same paragraph I in the settlement agreement that the trial court in this matter had to interpret, except that Judge Papek reached the exact different result with regard to paragraph I. Specifically, the trial court in this action found that the settlement agreement was clear and that in order for the assignment to be due, a third party neutral assessment of the cadence claims had to be undertaken. And then after that assessment was completed, Ravesim would have a second chance to evaluate whether it wanted to pursue the claims. And if it remained unwilling to pursue the claims at that point, then the assignment would be due to Morris. We submit that interpretation was error. And where the trial court derailed in its analysis was ignoring the very first introductory clause to paragraph I. That clause says that if Ravesim determines that the information provided by Morris was insufficient, then it would be provided to a third party for the purpose of assessing the claim. And the idea was that if the information was insufficient such that Ravesim needed a third party's expertise and help to evaluate the claim, it could go do that. But the predicate requirement, the threshold, if you will, was that Ravesim declare the information that Morris had provided to it as insufficient. There is no dispute that Ravesim never declared Morris's information insufficient. As a result, paragraph I never comes into play. The triggering event under paragraph I never occurred. And I would direct Your Honors to the Morris v. Ravesim matter with the recent ruling by Magistrate Judge Papik wherein he looked at paragraph I and confronted this issue and came to the conclusion that paragraph I was ambiguous in this regard. He said, hmm, there is a colorable argument that the third party assessment was required no matter what, but then on the other hand there's this if-then language and there is an equally colorable, reasonable argument that Ravesim had to declare the information, quote, insufficient before the third party assessment was required. And as a result, we have ambiguity in the settlement agreement, which creates a question of fact for the trier of fact as to the meaning of the settlement, which would preclude summary judgment. So we submit respectfully that paragraph I is clear, that there is this condition that must be satisfied. But even if it's not clear, it's at least ambiguous, which creates a question of fact for the jury. And so why don't we hear from the other side on that issue? Okay. You still have five minutes and 20 seconds. Okay, sure. Thank you. May it please the Court, my name is Sally Behrens and I represent Cadence Design Systems. Excuse me, I'm not a loud talker. This is the first time in this case that argument has ever been made. It wasn't made before the district court. They argued that there had been waiver in the initial terms of the settlement agreement before the assignment. But the argument that the if clause somehow related to the sufficiency of Morris's submission to Ravesim, that's never been heard before and I don't think the Court can consider it. Nonetheless, waiver is really a red herring in this case. The key provision of the settlement agreement is the Ravesim will assign language. Under Springfield International Restaurant, that is, that makes this case, or that contract, a contract to assign a right in the future, which is not an assignment. An assignee must come forth with evidence that an assigner meant to assign rights and obligations under the contract and manifest an intention to transfer the rights without further action or manifestation of intention by the obligee. That makes this case very simple. Look at the settlement agreement, Ravesim will assign. It's a, it's a, the language says that after these conditions are met, Ravesim then has to take an additional action to assign the claim. There's no evidence that that ever happened. The record is clear on that. And I don't think the Court has to go any further in order to come to its conclusion. If the Court has questions, I'm happy to answer them. But I understand your statement that you understood the case. Yeah. Any questions? Any questions? Thank you, Your Honor. May it please the Court. The will assign language that opposing counsel just quoted to you, ironically, is in paragraph I, for which there is ambiguity as to whether it applies. Again, ambiguity. Is it correct that this is a new argument just raised now? No, Your Honor. The argument is in page 7 of our reply brief on appeal. And the language has always been before the Court. It was Cadence's obligation as the movement, as the moving party on summary judgment to establish that the agreement was clear and entitled it to relief as a matter of law. We submit that in light of this language, they have not met that burden. The one issue I would like to point out is that as Magistrate Judge Papik noted in his recent ruling, this settlement agreement was entered into in haste, as he put it, at the end of an arduous one-day mediation. And as he also described it, it is less than a model of clarity. And there is, we submit, a gaping hole of ambiguity in this settlement agreement. If you imagine the settlement agreement as a decision tree, it provides for what happens when Ravesom decides not to pursue the claim and declares Morris' information, quote, insufficient. We go to paragraph I in that event under the decision tree. What's missing is what we do if Ravesom does not declare the information insufficient. Presumably, the assignment just occurs at that point, but the agreement doesn't expressly say that. And then the follow-on question you have is, well, if it just occurs at that point. Well, let me ask you this. Is this your client's theory that Kiranath, having acquired Simutex assets, transferred those assets into a newly created entity called Ravesim? One of the assets acquired by Ravesim was Simutex's claim against Cadence. And pursuant to the Morris-Ravensim settlement agreement, Ravesim, affected by operation of law and assignment of rights to Morris, thereby entitling Morris, under this operation of law theory, to pursue a claim against Cadence? Yes. It is our client's position that an assignment was effectuated as a matter of law or by operation of law pursuant to the settlement agreement. And we're talking about those four conditions, right? The trial court in this case found that there were four conditions. We dispute that the third condition and the fourth condition were actually applicable because they're tied to paragraph I, which, it's our position, never kicked in. So what do you have when paragraph I never kicks in because the information was never declared, quote, insufficient? At that point, you go directly to the assignment, and it's our position that the agreement, at least at an absolute minimum, is ambiguous as to whether the assignment is effectuated automatically, immediately by operation of law, or whether the parties contemplated a supplemental written instrument that would effectuate the assignment. The agreement is ambiguous about that. I mean, in theory, let's imagine this. Let's imagine that the settlement had been written such that if Rafeson elects not to pursue the claim, then these claims shall be deemed assigned by operation of law pursuant to the settlement agreement. If the settlement agreement had said that, then surely this Court would not require that there have been a supplemental instrument accomplishing the assignment. What they're saying is, well, you needed that supplemental instrument. And we say, where does the agreement say that? Why couldn't the settlement agreement itself have been that document? And so you say, well, let me read through it, and you come away scratching your head. Why? Because it was written in haste. It's ambiguous. And when you have an ambiguous document to the extent that it fails to say there shall be an assignment by operation of law. It doesn't say that. But, you know, the evidence in the record is certainly that my client understood that that's what would happen. I mean, the last thing my client wanted was to have to go back to this particular defendant to get anything more out of them. These were people who had a very acrimonious relationship, had difficulty accomplishing or doing anything together, and he wanted this to be done. And that's how he understood it. Kennedy, even under your theory, if they had said the information is insufficient, he'd have to do it. I mean, it didn't provide for a straight assignment. It had all kinds of things that might happen, conditions. If he wanted to get an assignment, he could have gotten it in the agreement. He could have said there was time. Certainly, the agreement would have been better written had the lawyer put language in there that said, in the event rates and declines to pursue the claim, the assignment shall be deemed effectuated by this document without need of further actions by either of the parties. We submit that there's at least enough language in the document that raises a question that makes it ambiguous as to whether this document did that. Ambiguity means that the same language has two meanings. A lot of we get a lot of briefs that say something is ambiguous, but they don't tell us what the two meanings are. What they actually have is a hiatus where something was left out. And that may be what happened here, but what are the two meanings in this language? Well, I guess here's the way I would describe it. I would describe it as a pothole in the road. It's like interstitial common law in the sense that people set out a framework to accomplish a result, and they forgot something, and there's a hole in the framework. And that's what we have in this agreement. We have a gaping hole where nothing is specified as to what happens when Rafeson says it's not going to pursue the claims but does not simultaneously declare the information insufficient. And so what do you do when you have a hole like that? You look at the intent of the parties to see what did they mean to happen. And that requires extrinsic evidence with resolution by a fact finder, which is the reason that we think summary judgment was inappropriate in this particular  Thank you very much. Thank you very much, Your Honors. The Court will recess until 9 a.m. tomorrow morning. Thank you.
judges: Goodwin, Pregerson, Reinhardt